UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

UNITED STATES OF AMERICA

       -against-

OWEN LI,

                 Defendant.

----------------------------------------X

15 Cr. 870-1 (RWS)

SENTENCING
OPINION

**Sweet, D.J.**

    On December 16, 2015, Owen Li ("Li" or the "Defendant") was found guilty of one count of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, and one count of making materially false statements, in violation of 18 U.S.C. § 1001(a). For the reasons set forth below, Li will be sentenced to 60 months in prison, to be followed by three years of supervised release, subject to the scheduled sentencing hearing on April 21, 2016. Li is also required to make full restitution to his investors, in an amount approximating $56.8 million, and to pay a special assessment of $200.

**Prior Proceedings**

USDC SDNY
DOCUMENT
ELECTR
DOC
DATE FILED 3/24/16

1

Li was named in a two-count superseding information (the "Information") filed in the Southern District of New York on December 16, 2015. The first count of the Information ("Count One") charges that from at least March 2014 through January 2015, in the Southern District of New York and elsewhere, Li engaged in a scheme to defraud investors in connection with the purchase and sale of securities, in violation of 15 U.S.C. §§ 78j(b) and 78ff and 17 C.F.R. § 240.10b-5. The second count of the Information ("Count Two") charges that on December 3, 2014, in the Southern District of New York, Li falsely told the staff of the Securities and Exchange Commission that he had assumed that cancelled trades by his hedge fund had been executed and reported, when in fact he knew that the trades had never been placed or transmitted to executing brokers, in violation of 18 U.S.C. § 1001(a)(2).

The Indictment further indicates that as a result of committing the offenses charged, Li shall forfeit to the United States any property constituting or derived from proceeds of the offenses and any property used or intended to be used to commit

or facilitate them, including $690,000 in U.S. currency,

representing the amount of proceeds obtained as a result of the

offense charged in Count One, and all right, title, and interest

in the funds deposited in three accounts in the name of his

hedge fund, Canarsie Capital Fund Master L.P.


On December 16, 2015, Li pled guilty to both counts,

pursuant to a plea agreement that states:


The Guidelines provisions in effect as of November 1, 2015
apply to this case.

Count 1 Offense Level
- The base offense level is seven, pursuant to §
  2B1.1(a)(1)

- Because the loss was more than $25 million but not
  more than $65 million, 22 levels are added, pursuant
  to §2B1.1(b)(1)(M).

- Because the offense involved 10 or more victims, two
  levels are added, pursuant to § 2B1.1(b)(2)(A)(i).

- Assuming the defendant clearly demonstrates
  acceptance of responsibility, to the satisfaction of
  the Government, through his allocution and subsequent
  conduct prior to the imposition of sentence, a three-
  level reduction will be warranted, pursuant to
  Guidelines Section § 3E1.1(a) and (b).

- In accordance with the foregoing calculations, the
  offense level is 28.

Count 2 Offense Level

- The base offense level is six, pursuant to §2B1.1(a)(2).

- Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to Guidelines Section § 3E1.1(a).

- In accordance with the foregoing calculations, the offense [sic] is four.

Grouping

- Though Counts 1 and 2 do not group, Count 2 is disregarded, pursuant to Guidelines Section 3D1.4(c), as it is nine or more levels less serious than Count 1.

- In accordance with the foregoing calculations, the combined applicable offense is 28.

- Based upon the information now available to the U.S. Attorney's Office (including representations by the defense), the defendant has no prior criminal convictions. Accordingly, the defendant's Criminal History Category is I.

- Based upon the calculations set for [sic] above, the Guidelines range is 78 to 97 months' imprisonment.

- The fine range is $12,500 to $125,000.

As part of the plea, Li also agrees to make restitution in an amount ordered by the Court.

4

Li is scheduled to be sentenced on April 21, 2016.

## The Sentencing Framework

In accordance with the Supreme Court's decision in United
States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's
decision in United States v. Crosby, 397 F.3d 103 (2d Cir.
2005), the sentence to be imposed was reached through
consideration of all of the factors identified in 18 U.S.C.
§ 3553(a), including the Advisory Guidelines.  Thus, the
sentence to be imposed here is the result of a consideration of:

    (1)  the nature and circumstances of the offense and the
         history and characteristics of the defendant;

    (2)  the need for the sentence imposed —

         (A)  to reflect the seriousness of the offense, to
              promote respect for the law, and to provide
              just punishment for the offense;

         (B)  to afford adequate deterrence to criminal
              conduct;

         (C)  to protect the public from further crimes of
              the defendant; and

         (D)  to provide the defendant with needed
              educational or vocational training, medical
              care, or other correctional treatment in the

most effective manner;

(3)   the kinds of sentences available;

(4)   the kinds of sentence and the sentencing range
      established for —

      (A)   the applicable category of offense committed
            by the applicable category of defendant as set
            forth in the guidelines . . .;

(5)   any pertinent policy statement [issued by the
      Sentencing Commission];

(6)   the need to avoid unwarranted sentence
      disparities among defendants with similar
      records who have been found guilty of similar
      conduct; and

(7)   the need to provide restitution to any victims of
      the offense.

18 U.S.C. § 3553(a).  A sentencing judge is permitted to find all

the facts appropriate for determining a sentence, whether that

sentence is a so-called Guidelines sentence or not.  See Crosby,

397 F.3d at 114-15.


**The Defendant**

6

The Court adopts the facts set forth in the Presentence
Investigation Report ("PSR") with respect to Defendant's
personal and family history.

## The Offense Conduct

The Court adopts the facts set forth in the PSR with
respect to the offense conduct.  These facts are summarized, in
brief form, below.

Li was the managing member of Canarsie Capital, LLC, a
Delaware-incorporated, New York-based investment fund that
traded in a variety of securities and financial instruments on
behalf of its clients.  In the spring of 2014, Li began
reporting fictitious "sell" trades to Canarsie's prime broker,
which had the effect of hiding the extent of the fund's
positions in certain key stocks, particularly that of Facebook,
Inc., allowing it to avoid a margin call from its broker and
execute trades with greater leverage than it otherwise could
have.  The fund became increasingly leveraged, and Li then met
with another potential prime broker and represented that

Canarsie was simply seeking additional liquidity, when in fact its original prime broker had forbidden Canarsie from trading on margin and demanded that Canarsie hire a new prime broker, then transition to an exclusive relationship with the new party.

As Canarsie's fortunes turned downward, Li repeatedly misrepresented the fund's performance, while delaying or altering reports that would show its poor financial condition. Li also concealed from investors that he was having the fund trade in violation of the mandates in its offering memorandum, placing the fund at risk of catastrophic loss.  When interviewed by the SEC in November and December 2014, Li misrepresented the facts in the same way he had to investors.  In mid-January 2015, the market moved against Canarsie's positions, resulting in the loss of substantially all the fund's assets.

On January 22, 2015, Li sent a letter to his investors informing them that the fund had lost 99.8 percent of its money and apologizing for his role.  He also instructed his lawyers to reach out to the SEC and to self-report his conduct.  On January 23, 2015, Li's attorneys made a presentation to the SEC outlining his misconduct.  When the U.S. Attorney's office began

its investigation of his conduct in February 2015, Li met with prosecutors and provided a full accounting of his conduct.

## The Relevant Statutory Provisions

On Count One, the maximum term of imprisonment is 20 years. 15 U.S.C. §78j, 78ff(a).  On Count Two, the maximum term of imprisonment is 5 years.  18 U.S.C. § 1001(a).  The maximum term of supervised release on each count is three years.  18 U.S.C. § 3583(b)(2).  The Defendant is eligible for between one and five years of probation.  18 U.S.C. § 3561(c)(1).  The maximum fine for Count One is $113,600,000, twice the gross loss from the Defendant's actions.  18 U.S.C. § 3571(b,d).  The maximum fine for Count Two is $250,000.  Id. § (b)(3).  A special assessment of $100 for each count is mandatory pursuant to 18 U.S.C. § 3013(a)(2).  Full restitution to victims is required under 18 U.S.C. §§ 3663A(c)(2).

## The Guidelines

9

The November 1, 2015 edition of the United States
Sentencing Commission Guidelines Manual has been used in this
case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.


The guideline for fraud-based offenses is found in U.S.S.G.
§ 2B1.1. Because the offense charged in Count One has a
statutory maximum of 20 years of imprisonment, the base offense
level is 7. U.S.S.G. § 2B1.1(a)(1). Because the Defendant's
conduct resulted in a loss between $25 and $65 million, 22
levels are added. U.S.S.G. § 2B1.1(b)(1)(L). Because the
offense involved more than 10 victims, 2 levels are added.
U.S.S.G. § 2D1.1(b)(2)(A). Defendant has clearly demonstrated
acceptance of responsibility for the offense. Accordingly, the
offense level is decreased by two. U.S.S.G. § 3E1.1(a).
Defendant has also assisted authorities in the investigation or
prosecution of his own misconduct by timely notifying
authorities of his intention to enter a plea of guilty.
Accordingly, the offense level is decreased by one additional
level. U.S.S.G. § 3E1.1(b). These adjustments result in an
offense level of 28.

Count Two is also a fraud-based offense that takes its guideline range from U.S.S.G. § 2B1.1. Because the statutory maximum term of imprisonment is less than 20 years, the base offense level is 6. U.S.S.G. § 2B1.1(a)(2). Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two. U.S.S.G. § 3E1.1(a). The adjustment results in an offense level of 4.

Because the offense level in Count Two is more than nine levels less serious than the level for Count One, it is disregarded for the purpose of calculating a combined offense level. U.S.S.G. § 3D1.4(c). Li's combined offense level is therefore 28, his level for Count One alone.

Li has no prior criminal convictions, and therefore no criminal history points. A total of zero criminal history point results in a criminal history category of I. See Sentencing Table, U.S.S.G. Ch. 5 Pt. A. Based on a total offense level of 28 and a criminal history category of I, the Guideline range of imprisonment is 78 to 97 months.

The guideline range for a term of supervised release on each count is one to three years.  U.S.S.G. § 5D1.2(a)(2).  Defendant is not eligible for probation because his guideline range falls in Zone D of the Sentencing Table.  U.S.S.G. § 5B1.1 application note 2.  The minimum guideline fine for the offense is $25,000, U.S.S.G § 5E1.2(c)(3), and the maximum fine is $113,600.  U.S.S.G. § 5E1.2(c)(4).  Costs of prosecution shall be imposed on the Defendant as required by statute.  U.S.S.G. § 5E1.5.  In determining whether to impose a fine and the amount of such a fine, the Court shall consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed.  U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6).  These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs.  The most recent advisory from the Administrative Office of the United States Courts, dated June 26, 2015, provides a daily cost of $84.00, a monthly cost of $2,552.00, and an annual cost of $30,621.00 for imprisonment.

**12**

Full restitution to all victims is required under U.S.S.G.
§ 5E1.1.

## The Remaining Factors of 18 U.S.C. § 3553(a)

Having engaged in the Guidelines analysis, this Court also
gives due consideration to the remaining factors identified in
18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not
greater than necessary," as is required by the Supreme Court's
decision in Booker, 543 U.S. 220, and the Second Circuit's
decision in Crosby, 397 F.3d 103. In light of the Court's
statutory responsibility "to 'impose a sentence sufficient, but
not greater than necessary' to accomplish the goals of
sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007)
(quoting 18 U.S.C. § 3553(a)), and having considered the
Guidelines and all of the factors set forth in § 3553(a), the
Court has determined that a Guidelines sentence is not
warranted.

The fraud carried out by Li was extensive and damaging, but
was manifestly motivated by a desire to protect the investments

13

in his fund, rather than a desire to enrich himself at his investors' expense. As the state of the fund became more precarious, Li acted like a gambler who doubles down on a bad hand in order to recoup earlier losses, making more and more poor decisions and bending more and more rules in the hope of breaking even. He failed, and the process he made misrepresentations that kept investors and other institutions in the dark about the state of the fund, leading to further losses.

To Li's credit, though, once it became clear that the fund could not be salvaged, he immediately owned up to his scheme and its failure in a candid letter to investors. Li also reached out immediately to the government about his conduct and cooperated fully with regulators and prosecutors, even when it became clear that criminal charges were likely. This sort of acceptance of responsibility is extraordinary, and should be afforded more weight than the standard three-level reduction provided for in the Guidelines.

A sentence of five years' imprisonment, though less than the minimum of 78 months called for by the Guidelines, is sufficient to reflect Li's culpability. It is hoped that Li's lack of criminal history, combined with his manifest remorse,

**14**

will allow him to transition to gainful employment upon release, and that he will both rebuild his life and work toward providing the victims of his fraud with restitution.

**The Sentence**

Li shall be imprisoned for 60 months, to be followed by three years of supervised release.  As mandatory conditions of his supervised release, Defendant shall:

(1)  Not commit another federal, state, or local crime.

(2)  Not illegally possess a controlled substance.

(3)  Not possess a firearm or destructive device.

(4)  Cooperate in the collection of DNA as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1)  Defendant shall provide the probation officer with access to any requested financial information.

(2)  Defendant shall not incur new credit charges or open additional lines of credit without the approval of the probation officer unless the defendant is in compliance with the installment payment schedule.

15

(3)   Defendant is to report to the nearest Probation Office within 72 hours of release from custody.

(4)   Defendant is to be supervised by the district of residence.

Li is ordered to pay approximately $56.8 million in restitution, payable to the Clerk of Court, to be forwarded to investors.  If the defendant is engaged in a BOP non-UNICOR program, he shall pay $25 per quarter toward the criminal financial penalties.  However, if the defendant participates in the BOP's UNICOR program as grade 1 through 4, he shall pay $50 of his monthly UNICOR earnings.  Once released from custody, he shall pay restitution in monthly installments of 15 percent of gross monthly income, to commence 30 days after the end of his term of imprisonment.  Defendant shall notify the United States Attorney within 30 days of any change of mailing or residence address that occurs while any portion of the restitution remains unpaid.

It is further ordered that Defendant shall pay to the United States a special assessment of $200, which shall be due immediately.

16

Given the restitution ordered, Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit his interest in any property constituting proceeds from the offense to the United States, as described above.  See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant shall voluntarily surrender himself at the beginning of his prison term.

It is so ordered.

New York, NY
March 24, 2016

_____
ROBERT W. SWEET
U.S.D.J.